UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ALEA LONDON, LTD. | : | DOCKET NO. 06-927 |
| VS. | : | JUDGE TRIMBLE |
| MERITAGE, INC. D/B/A BAROLO'S | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion for Default Judgment" (doc. #9) filed by Plaintiff wherein the mover seeks to have this Court grant the motion for default and declare that the policy of insurance issued to Meritage, Inc. d/b/a Barolo's (the "Alea Policy") does not provide coverage for the claims of any defendant in connection with the lawsuit filed by Jonathan Bonini, Mykola Velygurov and Nataliya Veligurova in the 14th Judicial District Court, nor is the insurer obligated to provide a defense or indemnity with regard to these claims, which arise out of an automobile accident which occurred on September 20, 2003. The policy of insurance provides the pertinent exclusion as follows:

> **c. Liquor Liability**
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.[1]
>
> This exclusion applies only if you are in the business of manufacturing, distributing, selling serving or furnishing alcoholic beverages.

---

[1] Plaintiffs' Exhibit 1, p. 2 of the Commercial General Liability Coverage Form.

Louisiana jurisprudence is clear that insurance provisions limiting liability that are clear and unambiguous are enforceable as written.[2] The Alea Policy excludes coverage for any claims for damages as the result of "causing or contributing to the intoxication of any person;" "the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;" or violation of "any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." This exclusion precludes coverage for any liability for causing or contributing to the intoxication of any person or for furnishing alcoholic beverages to persons under the legal drinking age.[3]

## CONCLUSION

Based on the foregoing, the Court will grant the default judgment and enter judgment against Meritage, Inc. d/b/a Barolo's, and declare that the policy of insurance Alea London, LTD issued to Meritage, Inc. d/b/a Barolo's (Policy No. ALRS02-637) does not provide coverage for the claims of any defendant in connection with the lawsuit filed by Jonathan Bonini, Mykola Velygurov and Nataliya Veligurova in the 14th Judicial District Court, nor is Alea London, LTD obligated to provide Meritage, Inc. d/b/a Barolo's a defense or indemnity with regard to these claims, which arise out of an automobile accident which occurred on September 20, 2003.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of October, 2007.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] *Spillers v. ABH Trucking Co., Inc.*, 713 So.2d 505 (La.App. 2d Cir. 1998).

[3] See *Boudreaux v. Sirac, Inc.*, 714 So.2d 49 (La.App. 5th Cir. 1998).